IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDALL C. SHANNON #383739, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00259 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| C.A.P.S. INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randall Shannon, an inmate at South Central Correctional Facility in Clifton, Tennessee, filed a pro se complaint against C.A.P.S. Inc. (Doc. No. 1) and a declaration reflecting his intent to proceed without prepaying the filing fee in this case. (Doc. No. 5.) This case is before the Court for initial review, and as explained below, it will be dismissed.

**I. Application to Proceed as a Pauper**

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's "In Forma Pauperis Declaration" is accompanied by a certified trust account statement reflecting that he cannot pay the full filing fee in advance. (Doc. No. 5 at 3, 6–10.) The Court construes Plaintiff's filing as an application to proceed as a pauper, and that application (Doc. No. 5) is **GRANTED**. Plaintiff is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to

the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the South Central Correctional Facility to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II.  Initial Review

The Complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A.  Factual Allegations

Plaintiff's allegations are sparse and lacking in context, but drawing reasonable inferences from the Complaint and taking judicial notice of certain publicly available information,[1] the Court has established the following summary of factual allegations for the purpose of initial review.

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff is a convicted prisoner (Doc. No. 1 at 4) who began serving a six-year sentence in December 2016, with a release eligibility date in July 2018. *See* https://apps.tn.gov/foil/ (last visited May 2, 2022) (information retrieved by searching the Tennessee Department of Correction's (TDOC) Felony Offender Information database using Plaintiff's TDOC ID#). A release eligibility date is "the earliest date an inmate convicted of a felony is eligible for parole." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (internal citations and footnote omitted).

In July 2021, Plaintiff was kicked out of Defendant's drug treatment program. (Doc. No. 1 at 4–5). Plaintiff lists Defendant's name as C.A.P.S. Inc., and the only information that Plaintiff provides regarding Defendant's address is that it is in Memphis, Tennessee. (*Id.* at 2). Plaintiff is diabetic, and Defendant kicked him out of its program "due to [his] medical condition." (Doc. No. 1 at 3–5). Plaintiff had "nowhere to live" and "needed medical attention." (*Id.* at 5). Plaintiff informed his parole officer of this event. (*Id.* at 8).

B. **Standard of Review**

To determine if a prisoner's complaint states a claim for the purpose of initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Discussion

On the Complaint form, Plaintiff did not check a box to specify whether he is bringing this action against a state official (in which case the suit is brought under 42 U.S.C. § 1983), a federal official (in which case the suit it brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)), or both. (Doc. No. 1 at 3). But Plaintiff did fill out the space beneath the question, "If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" (*Id.*). The Court therefore presumes that Plaintiff brings this action under Section 1983.

"Section 1983, by its own terms, applies only to those who act 'under color' of state law." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020). As reflected by its name, Defendant C.A.P.S. Inc. is a private entity, so it cannot be subject to liability under Section 1983 unless it took an action that is "fairly attributable to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). "[T]he Supreme Court has recognized 'three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test.'" *Weser*, 965 F.3d at 516 (quoting *Chapman*, 319 F.3d at 833).

Accepting Plaintiff's allegations as true, Defendant kicked Plaintiff out of its drug treatment program in July 2021 due to Plaintiff's medical condition. Given Plaintiff's allegation that he told his parole officer about this incident, and because Plaintiff was eligible for parole at the time, the Court infers that Plaintiff may have been participating in a drug treatment program provided by Defendant (after apparently having been released on parole) as a condition of parole. But even if that is the case, Defendant's action is not fairly attributable to the state for purposes of Section 1983.

Another district court within the Sixth Circuit has canvassed the law in this area and determined that, under all three state-action tests, courts ordinarily "find that private non-profit entities providing services to parolees and probationers are not state actors." *Veeder v. TRI-CAP*, No. 17-CV-11690, 2020 WL 1867212, at *5–9 (E.D. Mich. Jan. 30, 2020), *report and recommendation adopted*, No. 4:17-CV-11690, 2020 WL 967481 (E.D. Mich. Feb. 28, 2020). That is because "courts have consistently held that drug treatment facilities that treat individuals pursuant to a condition of parole are not performing a public function." *Id.* at *5 (quoting *Porter v. Game*, No. 19-CV-1408 (JS) (ARL), 2020 WL 127580, at *2 (E.D.N.Y. Jan. 9, 2020)). And the state compulsion test "requires that the state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Wilcher v. City of Akron*, 498 F.3d 516, 519 (6th Cir. 2007) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). This level of state control over a private entity's action is not present just because the state ordered an individual to attend the entity's program. *Veeder*, 2020 WL 1867212, at *10. Likewise, the symbiotic relationship test requires "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wilcher*, 498 F.3d at 520 (quoting *Wolotsky*, 960 F.2d at 1335). Such a nexus is not established by a state authorizing a private entity "to coordinate and provide substance abuse treatment to parolees." *Merrill v. Mental Health Sys.*, No. 3:16-cv-01090-GPC-JMA, 2016 WL 4761789, at *5 (S.D. Cal. Sept. 13, 2016) (collecting cases).

In short, Plaintiff's sparse allegations do not provide a basis for the Court to find that C.A.P.S. Inc. was acting under color of state law when it kicked him out of its drug treatment program. *See Veeder*, 2020 WL 1867212, at *8 (collecting cases for the proposition that "parole-

based residence at a private treatment program is not state compulsion, a traditional public function, or a sufficient nexus between the state and a private entity"). And with no allegations plausibly suggesting state action, Plaintiff fails to state a claim under Section 1983.

### III. Conclusion

For these reasons, this action is **DISMISSED** for failure to state a claim upon which relief may be granted under Section 1983, and the Court **CERTIFIES** that an appeal in this matter would not be taken in good faith. Therefore, Plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE